Teresa Highsmith, City Attorney (SB# 155262)
Donna Mooney, Senior Assistant City Attorney (SB # 189753)
Office of the City Attorney
2263 Santa Clara Avenue, Room 280
Alameda, California 94501
Telephone: (510) 747-4750
Fax No.: (510) 747-4767

Attorneys for Defendant
CITY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HART AND RON MILLER,<br><br>　　　　Plaintiffs,<br><br>　　and<br><br>CITY OF ALAMEDA,<br><br>　　　　Defendant. | Case No.:  C 07-05845 MMC<br><br>ANSWER TO COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT |

　　　　In answer to the Complaint, Defendant City of Alameda admits, denies, and affirmatively alleges as follows:

　　　　1.　　Defendant admits the allegations in paragraph 1 of the Complaint.

　　　　2.　　In answer to paragraph 2 of the Complaint, Defendant affirmatively alleges that it is a charter city and municipal corporation and on that basis denies that it was organized and operating under the laws of the State of California.

　　　　3.　　In answer to paragraph 3 of the Complaint, the Defendant admits jurisdiction of this action.  Except as specifically admitted, the City lacks information and belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein.

　　　　4.　　Defendant admits the allegations of paragraph 4 of the Complaint.

5. In answer to paragraph 5 of the Complaint, Defendant lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein. The allegations are legal conclusions.

6. In answer to paragraph 6 of the Complaint, the Defendant lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein. The allegations are legal conclusions.

7. In answer to paragraph 7 of the Complaint, the Defendant admits the Alameda Police Officers Association is a duly recognized employee organization. Except as specifically admitted, City lacks information or belief sufficient to answer the allegation that Plaintiffs were members at all material times. Except as specifically admitted or specifically denied on lack of information or belief, Defendant denies each and every allegation contained therein. The allegation is a legal conclusion.

8. In answer to paragraph 8 of the Complaint, Defendant admits that a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association Non-Sworn Unit" dated December 24, 2006-December 19, 2009, and a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association" dated January 1, 2000-January 5, 2008. Except as specifically admitted, Defendant denies each and every allegation contained therein. Defendant affirmatively alleges that the document speaks for itself. The allegations are legal conclusions.

9. In answer to paragraph 9 of the Complaint, Defendant lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein. Defendant affirmatively alleges that class actions cannot be maintained in FLSA actions.

10. In answer to paragraph 10 of the Complaint, Defendant denies the allegation that it did not avail itself of the benefits of any other work period permitted for public safety employees. Defendant lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein. Defendant affirmatively alleges that the document speaks for itself.

11. In answer to paragraph 11 of the Complaint, Defendant admits that a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association Non-Sworn Unit" dated December 24, 2006-December 19,

2009, and a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association" dated January 1, 2000-January 5, 2008. Except as specifically admitted, the City denies each and every allegation contained therein. Defendant affirmatively alleges the document speaks for itself.

12.   Defendant denies the allegations in paragraph 12 of the Complaint.

13.   In answer to paragraph 13 of the complaint, Defendant incorporates by reference its answers to paragraphs 1-12, as though fully set forth herein.

14.   Defendant denies the allegations in paragraph 14 of the Complaint.

15.   In answer to paragraph 15 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1-14, as though fully set forth herein.

16.   Defendant denies the allegations in paragraph 16 of the Complaint. Defendant denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17.   As a first affirmative defense, Defendant alleges that the Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18.   As a second affirmative defense, Defendant alleges that the Complaint fails to state any claim for violation of the Fair Labor Standards Act.

### THIRD AFFIRMATIVE DEFENSE

19.   As a third affirmative defense, Defendant alleges that at all relevant times City employed persons who were at all times exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. Sec. 213(a) and the regulations of the Department of Labor which implement those exemptions, 29 C.F.R. Sec. 541 et seq.

### FOURTH AFFIRMATIVE DEFENSE

20.   As a fourth affirmative defense, Defendant alleges that at all times relevant herein it acted in good faith as that term is defined at 29 U.S.C. Sec. 260, and that such good faith precludes any award of liquidated damages.

//

### FIFTH AFFIRMATIVE DEFENSE

21.     As a fifth affirmative defense, Defendant alleges that it is entitled to an offset to any unpaid overtime amounts for compensation paid to Plaintiffs and others similarly situated in excess of the statutory minimums pursuant to 29 U.S.C. Sec. 207(h).

### SIXTH AFFIRMATIVE DEFENSE

22.     As a sixth affirmative defense, Plaintiffs and others similarly situated are barred by the statute of limitations, 29 U.S.C. Sec. 255(a), from seeking damages more than two years prior to the filing of their lawsuit or their consent to join this lawsuit, whichever is later.

### SEVENTH AFFIRMATIVE DEFENSE

23.     As a seventh affirmative defense, Defendant alleges it adopted policies and/or acted in reliance on a written interpretation of the FLSA issued by the Administer of the Wage and Hour Division of the Department of Labor pursuant to 29 U.S.C. Sec. 259 and that such reliance is a defense to any claim for damages by Plaintiff or others similarly situated.

### EIGHTH AFFIRMATIVE DEFENSE

24.     As an eighth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated have failed to exhaust any and all applicable administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

25.     As a ninth affirmative defense, Defendant alleges that some or all of the allegations in the Complaint are moot.

### TENTH AFFIRMATIVE DEFENSE

26.     As a tenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are not entitled to an extension of the statute of limitations in that Defendant and its agents have at all times acted in good faith and with sufficient cause and within its discretion, that City and its agents have at all times complied with all applicable rules, regulations, and statutes, and that any actions or omissions were neither willful nor intentional

### ELEVENTH AFFIRMATIVE DEFENSE

27.     As an eleventh affirmative defense, Defendant alleges that Plaintiffs and/or others similarly situated were at all times partially exempt from the overtime requirements of the FLSA

because the Defendant adopted a 207(k) work schedule for employees engaged in law enforcement activities pursuant to 29 U.S.C. § 207(k) and the regulations and interpretive bulletins of the Department of Labor.

### TWELFTH AFFIRMATIVE DEFENSE

28. As a twelfth affirmative defense, Defendant alleges that Defendant has provided an accord and satisfaction of the claims of Plaintiffs and others similarly situated.

### THIRTEENTH AFFIRMATIVE DEFENSE

29. As a thirteenth affirmative defense, Defendant alleges that Defendant has already paid any or all liability it may have had on the claims of Plaintiffs and others similarly situated.

### FOURTEENTH AFFIRMATIVE DEFENSE

30. As a fourteenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated have waived some or all of their claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

31. As a fifteenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are barred by estoppel from receiving some or all of the relief they seek.

### SIXTEENTH AFFIRMATIVE DEFENSE

32. As a sixteenth affirmative defense, Defendant alleges that the claims of Plaintiffs and others similarly situated are barred under the doctrines of res judicata/collateral estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

33. As a seventeenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are barred from recovery by the doctrines of unclean hands or waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

34. As an eighteenth affirmative defense, Defendant alleges that it is not liable to Plaintiffs and others similarly situated because it paid them via the formula for fixed salary for fluctuating hours as stated in FLSA regulation 29 CFR § 778.114 and as further defined by case law.

//

//

## NINETEENTH AFFIRMATIVE DEFENSE

35. As a nineteenth affirmative defense, Defendant alleges that the claims of Plaintiffs and others similarly situated are barred, or any recovery should be reduced, because of their own neglect and fault in connection with the matters alleged.

## TWENTIETH AFFIRMATIVE DEFENSE

36. As a twentieth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are not entitled to an award of their attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

37. As a twenty-first affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are barred from pursuing a class action in a FLSA case.

Wherefore, Defendant prays as follows:

1. That the claim of Plaintiffs and others similarly situated for unpaid compensation plus an equal amount of liquidated damages be denied;

2. That the claim of Plaintiffs for reasonable attorneys' fees, costs, and interest be denied;

3. That Plaintiffs and others similarly situated take nothing from this action;

4. That the Defendant be awarded its costs of suit herein;

5. That the Defendant be awarded its reasonable attorneys' fees as may be determined by the Court; and

6. For such further relief as this Court may deem just and proper.

Dated this 7th day of December, 2007                    CITY OF ALAMEDA

_____
Donna Mooney
Senior Assistant City Attorney

ANSWER TO COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT