Alison Berry Wilkinson (SBN 135890)
**BERRY | WILKINSON | LAW GROUP**
4040 Civic Center Drive, Suite 200
San Rafael, CA 94901
Telephone/Facsimile: (415) 259-6638
Email: alison@berrywilkinson.com

Attorneys for Plaintiffs
DENNIS HART AND RON MILLER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENNIS HART** and **RON MILLER**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF ALAMEDA**<br><br>Defendant. | Case Number: C 07-05845 MMC<br><br>**FIRST AMENDED COMPLAINT**<br><br>[Violation of Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*]: |

Plaintiffs DENNIS HART and RON MILLER, by and through their counsel, as and for their Complaint against the CITY OF ALAMEDA, allege and aver as follows:

1. Plaintiffs DENNIS HART and RON MILLER were and are, at all times material hereto, employed by Defendant City of Alameda as police sergeants holding sworn status pursuant to California Penal Code section 830.1

2. Defendant CITY OF ALAMEDA, at all times pertinent herein, was a municipality organized and operating under the laws of the State of California.

3. Jurisdiction is conferred upon this court by 28 U.S.C. §1331, 29 U.S.C. §216(b).

4. Defendant CITY OF ALAMEDA is, and at all times material hereto was, a public agency within the meaning of Section 3(x) of the FLSA. 29 U.S.C. §203(x).

5. Defendant CITY OF ALAMEDA is, and at all times hereby was, engaged in related activities performed through unified operation or common control for a common business purpose in conjunction with the activities of a public agency. Defendant CITY OF ALAMEDA is, and at all times material hereto was, an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. §203(r).

6. Defendant CITY OF ALAMEDA has, and at all times material hereto had, engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials such as motor vehicles, petroleum products, food, and weapons that have been moved or produced for commerce. Defendant CITY OF ALAMEDA is, and at all times material hereto was, an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA. 29 U.S.C. §203(s).

7. At all times material hereto, Plaintiffs were members of the Alameda Police Officers Association, the duly recognized employee organization (as that term is defined in the Meyers-Milias-Brown Act, Cal. Gov. Code §§ 3500, *et seq.*,) representing the non-exempt, rank-and-file employees of the CITY OF ALAMEDA's Police Department in all aspects of their employment relationship. The Alameda Police Officers Association is the exclusive recognized bargaining agent for both the sworn police unit (comprised of the classifications of Police Sergeant and Police Officer), as well as the non-sworn unit (comprised of the classifications of Senior Public Safety Dispatcher, Public Safety Dispatcher, Crime Scene Specialist, Property & Evidence Technician, Jailer, Police Technician, and Animal Control Officer).

8. At all times material hereto, the terms and conditions of employment for the classifications represented by the Alameda Police Officers Association are and were codified in collective bargaining agreements (otherwise known as a "Memoranda of Understanding") entered into between the CITY OF ALAMEDA and the Alameda Police Officers Association for both the sworn and non-sworn units. Once adopted by the City Council, that collective bargaining agreements were and are binding. *Glendale City Employees Association, Inc. v. City of Glendale*, 15 Cal. 3d 328 (1975).

9. In addition to the named Plaintiffs, all other similarly situated persons, that is, all persons who are or were employed by Defendant CITY OF ALAMEDA in the sworn and non-sworn units subject to the Memoranda of Understanding between the CITY OF ALAMEDA and the Alameda Police Officers Association, are members of the Plaintiff class. This claim is maintained as a collective action under, and pursuant to, the statutory requirements of the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. §216(b). Incorporated by reference herein as though fully set forth are the consent forms for the applicable class members pursuant to the statutory requirements of the FLSA 29 U.S.C. §216(b) that were attached as Exhibit A to the Complaint filed on November 19, 2007.

10. At all times material hereto, the applicable Memoranda of Understanding for the sworn and non-sworn classifications represented by the Alameda Police Officers Association established a forty (40) hour work period with paid leave time counting as "hours worked." The CITY regularly and effectively implemented the forty (40) hour work week and did not avail itself of the benefits of any other work period permitted for public safety employees.

11. At all times herein material, the applicable Memoranda of Understanding for the sworn and non-sworn classifications represented by the Alameda Police Officers Association contained a variety of specialty and premium pays, including acting pay, educational incentive pay, retention pay, bilingual pay, call back pay, court time pay, field training officer pay, holiday-in-lieu pay, canine pay and stand-by pay. The hourly value of each of these specialty and premium pays is required to be included in the FLSA regular rate of pay.

12. Defendant CITY OF ALAMEDA has failed to properly compensate Plaintiffs, and all other similarly situated employees, for the time it has failed to properly calculate the "regular rate" of pay for overtime compensation, as that term is defined by Section 207(e) of the FLSA, by failing to include in the regular rate calculation the following specialty and premium pays: bilingual pay, call back pay, court time pay, field training officer pay, holiday-in-lieu pay, canine pay, and stand by pay.

//

FIRST AMENDED COMPLAINT
*Hart, et al. v. City of Alameda, U.S.D.C. Case No. C07-05845 MMC*

## FIRST CLAIM FOR RELIEF

## VIOLATION OF FAIR LABOR STANDARDS ACT

13.  Paragraphs 1-12 are incorporated and re-alleged herein as though fully set forth.

14.  Defendant CITY OF ALAMEDA has willfully violated, and is willfully violating, the overtime compensation requirements of the FLSA, 29 U.S.C. §207, by employing the named Plaintiff and other similarly situated employees in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than the applicable maximum weekly hours established by Section 207 of the FLSA, without compensating them for work performed in excess of the above-described hours at rates not less than one and one-half times the regular rate of pay.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF FAIR LABOR STANDARDS ACT

15.  Paragraphs 1-14 are incorporated and re-alleged herein as though fully set forth.

16.  Defendant CITY OF ALAMEDA has willfully violated, and is willfully violating, the overtime compensation requirements of the FLSA, 29 U.S.C. §207, by employing the named Plaintiff and other similarly situated employees without compensating them by failing to properly calculate the "regular rate" of pay for overtime purposes as that term is defined by Section 207(e) of the FLSA.

WHEREFORE, Plaintiffs and all other similarly situated employees demand:

1.  That Defendant CITY OF ALAMEDA be required to pay to the named Plaintiffs and all other similarly situated employees unpaid regular and overtime compensation found due by the court as a result of Defendant's violation of Section 207 of the FLSA, plus an additional equal amount as liquidated damages;

2.  That Defendant CITY OF ALAMEDA be required to pay the named Plaintiffs and all other similarly situated employees their reasonable attorneys' fees, costs of this action, and both pre-judgment and post-judgment interest;

FIRST AMENDED COMPLAINT
*Hart, et al. v. City of Alameda, U.S.D.C. Case No. C07-05845 MMC*

3. That Plaintiffs and all other similarly situated employees have such further relief as is deemed just and necessary.

Dated: 23 July 2008

Respectfully submitted,

**BERRY | WILKINSON | LAW GROUP**

By: Alison Berry Wilkinson
Attorneys for Plaintiffs Dennis Hart and Ron Miller

**FIRST AMENDED COMPLAINT**
*Hart, et al. v. City of Alameda, U.S.D.C. Case No. C07-05845 MMC*