TERESA HIGHSMITH (State Bar No. 155262)
CITY ATTORNEY
DONNA MOONEY (State Bar No. 189753)
SENIOR ASSISTANT CITY ATTORNEY
OFFICE OF THE CITY ATTORNEY
2263 Santa Clara Avenue, Room 280
Alameda, California 94501
(510) 747-4750
FAX (510) 747-4767

JOSEPH E. WILEY (State Bar No. 84154)
IAN P. FELLERMAN (State Bar No. 119725)
WILEY PRICE & RADULOVICH, LLP
1301 Marina Village Parkway, Suite 310
Alameda, California 94501
(510) 337-2810
FAX (510) 337-2811

Attorneys for Defendant
CITY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HART AND RON MILLER, | Case No.: C 07-05845 MMC |
| Plaintiffs, | **ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT** |
| v. | |
| CITY OF ALAMEDA, | |
| Defendant. | |

In answer to the First Amended Complaint (the "Complaint"), Defendant City of Alameda admits, denies, and affirmatively alleges as follows:

1.   Defendant admits the allegations in paragraph 1 of the Complaint.

2.   In answer to paragraph 2 of the Complaint, Defendant affirmatively alleges that it is a charter city and municipal corporation and on that basis denies that it was organized and operating under the laws of the State of California.

3.   In answer to paragraph 3 of the Complaint, Defendant admits jurisdiction of this

1

action.  Except as specifically admitted, Defendant lacks information and belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein.

4.      Defendant admits the allegations of paragraph 4 of the Complaint.

5.      In answer to paragraph 5 of the Complaint, Defendant lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein. The allegations are legal conclusions.

6.      In answer to paragraph 6 of the Complaint, Defendant lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein.  The allegations are legal conclusions.

7.      In answer to paragraph 7 of the Complaint, Defendant admits the Alameda Police Officers Association is a duly recognized employee organization.  Defendant further admits that the Alameda Police Officers Association is the exclusive recognized bargaining agent for both the sworn police unit and the non-sworn unit.  Except as specifically admitted, Defendant lacks information or belief sufficient to answer the allegation that Plaintiffs were members at all material times.  Except as specifically admitted or specifically denied on lack of information or belief, Defendant denies each and every allegation contained therein.  The allegations are legal conclusions.

8.      In answer to paragraph 8 of the Complaint, Defendant admits that a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association Non-Sworn Unit" dated December 24, 2006-December 19, 2009, and a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association" dated January 1, 2000-January 5, 2008.  Except as specifically admitted, Defendant denies each and every allegation contained therein.  Defendant affirmatively alleges that each document speaks for itself.  The allegations are legal conclusions.

9.      In answer to paragraph 9 of the Complaint, Defendant lacks information or belief sufficient to answer the allegations, and on that basis, denies each and every allegation contained therein.  Defendant affirmatively alleges that class actions cannot be maintained in FLSA actions.

10.  In answer to paragraph 10 of the Complaint, Defendant denies the allegation that it did not avail itself of the benefits of any other work period permitted for public safety employees. Defendant affirmatively alleges that the Memoranda of Understanding are in writing and speak for themselves. Defendant lacks information or belief sufficient to answer the remaining allegations, and on that basis, denies each and every remaining allegation contained therein.

11.  In answer to paragraph 11 of the Complaint, Defendant admits that a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association Non-Sworn Unit" dated December 24, 2006-December 19, 2009, and a memorandum exists entitled "Memorandum of Understanding between City of Alameda and Alameda Police Officers Association" dated January 1, 2000-January 5, 2008. Except as specifically admitted, Defendant denies each and every allegation contained therein. Defendant affirmatively alleges the Memoranda of Understanding are in writing and speak for themselves.

12.  Defendant denies the allegations in paragraph 12 of the Complaint.

13.  In answer to paragraph 13 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1-12, as though fully set forth herein.

14.  Defendant denies the allegations in paragraph 14 of the Complaint.

15.  In answer to paragraph 15 of the Complaint, Defendant incorporates by reference its answers to paragraphs 1-14, as though fully set forth herein.

16.  Defendant denies the allegations in paragraph 16 of the Complaint. Defendant denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17.  As a first affirmative defense, Defendant alleges that the Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18.  As a second affirmative defense, Defendant alleges that the Complaint fails to state any claim for violation of the Fair Labor Standards Act.

3

Wiley Price & Radulovich, LLP | Answer to First Amended Complaint for Violation of the Fair Labor Standards Act | Case No. C 07-05845 MMC   E-File

### THIRD AFFIRMATIVE DEFENSE

19. As a third affirmative defense, Defendant alleges that at all relevant times City employed persons were at all times exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. Sec. 213(a) and the regulations of the Department of Labor which implement those exemptions, 29 C.F.R. Sec. 541 et seq.

### FOURTH AFFIRMATIVE DEFENSE

20. As a fourth affirmative defense, Defendant alleges that at all times relevant herein, it acted in good faith as that term is defined in 29 U.S.C. Sec. 260, and that such good faith precludes any award of liquidated damages.

### FIFTH AFFIRMATIVE DEFENSE

21. As a fifth affirmative defense, Defendant alleges that it is entitled to an offset to any unpaid overtime amounts for compensation paid to Plaintiffs and others similarly situated in excess of the statutory minimums, pursuant to 29 U.S.C. Sec. 207(h).

### SIXTH AFFIRMATIVE DEFENSE

22. As a sixth affirmative defense, Plaintiffs and others similarly situated are barred by the statute of limitations, 29 U.S.C. Sec. 255(a), from seeking damages more than two years prior to the filing of their lawsuit or their consent to join this lawsuit, whichever is later.

### SEVENTH AFFIRMATIVE DEFENSE

23. As a seventh affirmative defense, Defendant alleges it adopted policies and/or acted in reliance on a written interpretation of the FLSA issued by the Wage and Hour Division of the Department of Labor pursuant to 29 U.S.C. Sec. 259 and that such reliance is a defense to any claim for damages by Plaintiff or others similarly situated.

### EIGHTH AFFIRMATIVE DEFENSE

24. As an eighth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated have failed to exhaust any and all applicable administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

25. As a ninth affirmative defense, Defendant alleges that some or all of the allegations in the Complaint are moot.

TENTH AFFIRMATIVE DEFENSE

26. As a tenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are not entitled to an extension of the statute of limitations in that Defendant and its agents have at all times acted in good faith and with sufficient cause and within its discretion, that City and its agents have at all times complied with all applicable rules, regulations, and statutes, and that any actions or omissions were neither willful nor intentional.

ELEVENTH AFFIRMATIVE DEFENSE

27. As an eleventh affirmative defense, Defendant alleges that Plaintiffs and/or others similarly situated were at all times partially exempt from the overtime requirements of the FLSA because the Defendant adopted a 207(k) work schedule for employees engaged in law enforcement activities pursuant to 29 U.S.C. § 207(k) and the regulations and interpretive bulletins of the Department of Labor.

TWELFTH AFFIRMATIVE DEFENSE

28. As a twelfth affirmative defense, Defendant alleges that Defendant has provided an accord and satisfaction of the claims of Plaintiffs and others similarly situated.

THIRTEENTH AFFIRMATIVE DEFENSE

29. As a thirteenth affirmative defense, Defendant alleges that Defendant has already paid any or all liability it may have had on the claims of Plaintiffs and others similarly situated.

FOURTEENTH AFFIRMATIVE DEFENSE

30. As a fourteenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated have waived some or all of their claims.

FIFTEENTH AFFIRMATIVE DEFENSE

31. As a fifteenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are barred by estoppel from receiving some or all of the relief they seek.

SIXTEENTH AFFIRMATIVE DEFENSE

32. As a sixteenth affirmative defense, Defendant alleges that the claims of Plaintiffs and others similarly situated are barred under the doctrines of res judicata and collateral estoppel.

///

5

Wiley Price & Radulovich, LLP | Answer to First Amended Complaint for Violation of the Fair Labor Standards Act | Case No. C 07-05845 MMC E-File

SEVENTEENTH AFFIRMATIVE DEFENSE

33. As a seventeenth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are barred from recovery by the doctrine of unclean hands.

EIGHTEENTH AFFIRMATIVE DEFENSE

34. As an eighteenth affirmative defense, Defendant alleges that it is not liable to Plaintiffs and others similarly situated because it paid them via the formula for fixed salary for fluctuating hours as stated in FLSA regulation 29 CFR § 778.114 and as further defined by case law.

NINETEENTH AFFIRMATIVE DEFENSE

35. As a nineteenth affirmative defense, Defendant alleges that the claims of Plaintiffs and others similarly situated are barred, or any recovery should be reduced, because of their own neglect and fault in connection with the matters alleged.

TWENTIETH AFFIRMATIVE DEFENSE

36. As a twentieth affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are not entitled to an award of their attorneys' fees.

TWENTY-FIRST AFFIRMATIVE DEFENSE

37. As a twenty-first affirmative defense, Defendant alleges that Plaintiffs and others similarly situated are barred from pursuing a class action in a FLSA case.

Wherefore, Defendant prays as follows:

1. That the claim of Plaintiffs and others similarly situated for unpaid compensation plus an equal amount of liquidated damages be denied.

2. That the claim of Plaintiffs for reasonable attorneys' fees, costs and interest be denied;

3. That Plaintiffs and others similarly situated take nothing from this action;

4. That the Defendant be awarded its costs of suit herein;

5. That the Defendant be awarded its reasonable attorneys' fees as may be determined by the Court; and

///

1   6.   For such other and further relief as this Court may deem just and proper.

2

3   Date: August 4, 2008

4                                                                  WILEY PRICE & RADULOVICH, LLP

5                                                                                /s/
                                             By: _____
6                                                                  IAN P. FELLERMAN

7                                                                  Attorneys for Defendant
                                                                   CITY OF ALAMEDA
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Alameda, California, over the age of 18 years, and am not a party to the within-entitled action. My business address is 1301 Marina Village Parkway, Suite 310, Alameda, California 94501. On the date set forth below, I served the following document(s) by the method indicated below:

**ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

☐ **Facsimile** by transmitting via facsimile on this date from fax number (510) 337-2811 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing pursuant to California Code of Civil Procedure §1013(e). The transmitting fax machine complies with California Code of Civil Procedure §1013(e).

☒ **First Class Mail** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Alameda, California addressed as set forth below pursuant to California Code of Civil Procedure §1013(a). I am readily familiar with the business practice at Wiley Price & Radulovich, LLP for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

☐ **Messenger** by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ **Personal Delivery** by personally hand delivering the document(s) listed above in a sealed envelope(s) to the person(s) at the address(es) set forth below pursuant to California Code of Civil Procedure §1011.

☐ **Overnight Delivery** by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express service carrier for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below pursuant to California Code of Civil Procedure §1013(c). A copy of the consignment slip is attached to this proof of service.

Alison Berry Wilkinson
Berry Wilkinson Law Group, Inc.
4040 Civic Center Drive, Suite 200
San Rafael, California 94303
Telephone: 415/259-6638
Facsimile: 415/492-2810
Email: Alison@berrywilkinson.com

I declare under penalty of perjury that the above is true and correct. Executed on August 4, 2008 at Alameda, California.

/s/
Maria J. Uhl

---

Wiley Price & Radulovich, LLP

Answer to First Amended Complaint for Violation of the Fair Labor Standards Act

Case No. C 07-05845 MMC
E-File